## Seip, et al. v. Samuels, Magistrate.

(Decided June 8, 1916.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, No. 2).

Mandamus—Action For Against Justice of the Peace—Petition—Sufficiency.—In an action by a constable against a justice of the peace for a ·mandamus compelling the latter to deliver to the former all processes issued from the latter's court, a petition which fails to show that the processes which the latter refused to deliver were such as he was under a legal duty to deliver, is insufficient.

L. J. MACKEY and P. J. RILEY for appellants.

CHARLES B. SEYMOUR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a proceeding in which plaintiff, William Seip, a constable, seeks a mandamus against the defendant, C. W. Samuels, a justice of the peace, to compel the latter to deliver to plaintiff for service all processes issuing from the latter's court. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

At the general election held on November 4th, 1913, plaintiff was elected constable of the Eighth Magisterial District of Jefferson county for a term of four years. On January 5th, 1914, he qualified by taking oath and giving bond, as required by law, and is still acting as constable for said district. At the same time the defendant, C. W. Samuels, was elected magistrate for the same district for a term of four years, and still continues to act as such. In addition to the above facts, the petition alleges that the office of constable is one of emolument and profit, and that plaintiff's income therefrom depends upon the number of processes served by him; that

for more than three months last past the defendant has maliciously, unlawfully and wrongfully failed and refused to deliver to plaintiff processes, warrants, summonses, subpoenas, executions, etc., issued by the defendant as said magistrate, although plaintiff at all times has been ready, willing and desirous of serving said processes, and has made frequent demands on said defendant to issue to him said processes; that the defendant had repeatedly refused, and still refuses, to deliver to plaintiff said processes for service by him. It is further alleged that defendant's failure and refusal to deliver to plaintiff said processes has deprived plaintiff of the emoluments, profits and fees of his office, and thereby caused him to suffer great and irreparable injury, and that he will continue to suffer great and irreparable injury unless the relief prayed by him is granted. The petition concludes with the prayer that the court issue a writ of mandamus, directing the defendant to deliver to plaintiff all processes issued by him as the magistrate of the above district.

Without passing on the question whether or not it is the duty of a magistrate to deliver to the constable of his district such processes as he may issue, or the further question whether or not, in case of his refusal, a mandamus will lie to compel him to do so, it is sufficient for the purposes of this case to say that the demurrer was properly sustained to the petition. Under section 701 of the Civil Code, processes may be issued to a special agent appointed by the justice, by an endorsement upon the process, upon an affidavit of the plaintiff or his agent being filed before the justice, to the effect that the process cannot be executed according to the belief of the affiant, unless such special agent be appointed. Under section 438 of the Kentucky Statutes, a constable is not required to receive a summons against a person known to be and to reside outside of his district. Furthermore, a constable may be related to one of the parties, or interested in the result of the suit, and, therefore, be disqualified from acting. For aught that appears in the petition, the processes which the defendant refused to turn over to plaintiff may have been such as were directed to a special agent, or plaintiff was not required to serve, or was disqualified from serving. Even if plaintiff was entitled to have all other processes placed in his hands for service, it was necessary for

him to allege that the processes which the defendant refused to turn over to him were not embraced in any of the above excepted classes. Clearly, therefore, the petition fails to show that the defendant was under a legal duty to deliver to plaintiff the processes which it is claimed he refused to deliver. That being true, it is not sufficient to authorize a writ of mandamus.

Judgment affirmed.